# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-01062-SCT

*HAROLD GREEN, ET AL., AND CITY OF*
*RICHLAND, MISSISSIPPI*

**v.**

*CLEARY WATER, SEWER & FIRE DISTRICT*

## ON WRITS OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 4/17/2003 |
| TRIAL JUDGE: | HON. JASON H. FLOYD, JR. |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | DAVID RINGER |
| | PAUL B. HENDERSON |
| | JAY MAX  KILPATRICK |
| ATTORNEY FOR APPELLEE: | JAMES A. BOBO |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 6/23/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This case concerns actions taken by the Cleary Water, Sewer & Fire District ("Cleary" or "Cleary District") in adopting and implementing its "Decentralized Wastewater Use Ordinance" ("Ordinance") which regulates the disposal of wastewater by residents who are not connected to Cleary's sewer system.   Numerous residents of the Cleary District brought suit seeking a declaration that the ordinance was invalid and an injunction prohibiting enforcement of that ordinance.   The City of Richland intervened as a party plaintiff in this matter.   The special chancellor appointed to hear this matter granted Cleary summary judgment.   Plaintiffs

appealed and charged that the trial court erred on five grounds: (1) that Cleary had no statutory authority or jurisdiction to enact the challenged ordinance; (2) that the ordinance enacted by Cleary was preempted by Mississippi Individual On-Site Wastewater Disposal System law, Miss. Code Ann. §§ 41-67-1 et seq.; (3) that the ordinance unconstitutionally takes property without compensation under both the United States Constitution and Mississippi Constitution; (4) that the chancellor erred in considering affidavits not received by counsel opposite until minutes prior to the hearing in which they were introduced; and (5) that the chancellor erred in relying on affidavits of employees of state agencies, who purported to speak on behalf of the State, as being conclusive of the fact that the ordinance did not conflict with Health Department regulations.[1]   A divided Court of Appeals affirmed the chancellor's decision. *Green v. Cleary Water, Sewer & Fire Dist.*, 2004 WL 1729482 (Miss. Ct. App. 2004). We granted certiorari.

## FACTS AND PROCEDURAL HISTORY

¶2.     The Cleary Water, Sewer and Fire District was created under the authority of Miss. Code Ann. §§ 19-5-151 through - 207, which governs water, sewer, garbage disposal, and fire protection districts.    Cleary obtained a certificate of convenience and necessity from the Public Service Commission authorizing it to construct, operate, and maintain a sewer system in a specified area within Rankin County.   In 2000, Cleary obtained a supplemental certificate from the Public Service Commission which enlarged the area in which it was authorized to provide its services.    Cleary sought to address a perceived problem of untreated or undertreated sewage being discharged onto the ground within the Cleary District by adopting

---

[1]  Richland only raises the first two issues stated above as assignments of error.

the "Decentralized Wastewater Use Ordinance" which plaintiffs Harold Green, et al. and the City of Richland challenge here. Cleary maintains that it adopted the ordinance only after submitting it to the Mississippi State Department of Health (MDH) and the Mississippi Department of Environmental Quality (MDEQ) for comment and review.

¶3. Cleary published a Notice of Public Hearing concerning the possible adoption of the ordinance and then held a public hearing; no one at the hearing expressed opposition to the ordinance's adoption and Cleary adopted the ordinance at its June 14, 2001, meeting. Cleary sent a notice dated September 14, 2001, to all customers who received their supply of potable water from the Cleary District, informing them of the newly adopted ordinance and the steps that must be taken to comply with the ordinance.

¶4. The letter specifically informed water customers of the following: (1) Property owners with a properly working septic system would not be required to install a new system; (2) Each property owner must have his/her system inspected within one year of June 21, 2001, the date the letter was sent out, and have the results sent to Cleary's office; (3) Each year following the ordinance's institution, each property owner would be required to present proof that his/her system was working properly; (4) Property owners who could not show that their systems complied with the ordinance would be required to install an approved system and then become a sewer customer; (5) Cleary would accept ownership of the new disposal system and, in exchange, would maintain the unit for its usable life, bearing all routine maintenance costs; (6) Once becoming a sewer customer, property owners would be assessed a monthly service charge that would be added to their water bill; and (7) Present water customers were given the

option of transferring ownership of their existing systems to Cleary, subject to certain qualifications.

¶5.     Harold Green and 122 other residents of Rankin County filed suit against Cleary in Rankin County Chancery Court on August 23, 2002, seeking both declaratory and injunctive relief.   They charged that Cleary was without authority to enact the subject ordinance and wanted a declaration that the ordinance was void.   They also sought to enjoin Cleary from enforcing the ordinance against plaintiffs who refused to comply with its terms.   The City of Richland sought to intervene and its motion was granted on September 3, 2002.[2]   Chancellors John S. Grant, III and Thomas L. Zebert issued an order of recusal, and this Court appointed Jason H. Floyd, Jr. as a special chancellor for this case on August 27, 2002.   Cleary removed to federal court, invoking the court's federal question jurisdiction, but the federal court remanded the case to chancery court on January 13, 2003.

¶6.     Cleary filed a motion to dismiss/motion for summary judgment on January 27, 2003. Plaintiffs filed their response and own motion for summary judgment on February 11, 2003. The chancellor held a hearing on the parties' various motions and granted Cleary's motion for summary judgment without a written opinion on April 17, 2003.   Plaintiffs timely appealed the chancellor's decision.   The Mississippi Court of Appeals found that Cleary had statutory authority to enact the challenged ordinance and affirmed the chancellor's ruling in an opinion

---

[2] In the order granting Richland's motion to intervene, the chancellor also issued a preliminary injunction against Cleary's enforcement of the challenged ordinance.

dated August 3, 2004. This Court granted plaintiffs' petition for certiorari on January 27, 2005.[3]

**DISCUSSION**

¶7.     This Court reviews a trial court's grant of summary judgment de novo, viewing the evidence in a light most favorable to the non-moving party. *Gale v. Thomas*, 759 So. 2d 1150, 1152 (Miss. 1999). A grant of summary judgment will be reversed if any triable issues of fact exist. *Id.* at 1152.

¶8.     The numerous issues raised by plaintiffs can be distilled down to two: (1) whether Cleary had the authority to enact its ordinance, and (2) whether summary judgment was properly granted.

### I.     Whether the Cleary District possessed the authority to enact its "Decentralized Wastewater Use Ordinance."

¶9.     At the heart of this appeal is whether Cleary had the authority to enact the ordinance being challenged by plaintiffs. Cleary argues that it is granted such authority under Miss. Code Ann. § 19-5-173[4] and § 19-5-175.[5] Plaintiffs recognize Cleary's authority to build, maintain,

---

[3]  892 So. 2d 824 (Miss. 2005) (table).

[4]  Miss. Code Ann. § 19-5-173 (Rev. 2003) states:

The board of commissioners shall have the power to make regulations to secure the general health of those residing in the district; to prevent, remove and abate nuisances; to regulate or prohibit the construction of privy-vaults and cesspools, and to regulate or suppress those already constructed; and to compel and regulate the connection of all property with sewers.

[5]  Miss. Code Ann. § 19-5-175 (Rev. 2003) states general powers granted to water, sewer, garbage disposal and fire protection districts. It states in part:

[a]ny district created pursuant to the provision of Sections 19-5-151 through

5

and regulate a "sewer system" within the Cleary District but argue that Cleary is without authority to enact its "Decentralized Wastewater Use Ordinance" because the Legislature granted the Mississippi State Board of Health sole authority to regulate septic tanks under the Mississippi Individual On-Site Wastewater Disposal System Law, Miss. Code Ann. §§ 41-67-1 et seq.

¶10.    Plaintiffs argue that a water or sewer district, being a statutory creation, may only exercise those powers expressly granted or necessarily implied by the Legislature and that such powers "must be found within the four corners of the statute under which the agency operates." *Strong v. Bostick*, 420 So. 2d 1356, 1361 (Miss. 1982) (citing *Miss. Milk Comm'n v. Winn-Dixie La., Inc.*, 235 So. 2d 684 (Miss. 1970)).    Because the statutes governing districts such as Cleary do not mention individual septic systems and the Legislature specifically granted the Department of Health   authority to regulate individual on-site wastewater disposal systems (IOWDS) under Miss. Code Ann. §§ 41-67-1 et seq., plaintiffs allege that Cleary is without authority to regulate individual septic systems to control water quality within the district it governs.

¶11.    Whether Cleary had the authority to enact the subject ordinance is dependent on how this Court construes competing statutes.    In affirming the trial court's grant of summary

---

19-5-207 shall be vested with all the powers necessary and requisite for the accomplishment of the purpose for which such district is created.    No enumeration of powers herein shall be construed to impair or limit any general grant of power herein contained nor to limit any such grant to a power or powers of the same class or classes as those enumerated.    Such districts are empowered to do all acts necessary, proper or convenient in the exercise of the powers granted under such sections.

6

judgment, the Court of Appeals found that Cleary had the authority to enact its ordinance under "general police powers" granted to water and/or sewer districts in Miss. Code Ann. § 19-5-173 (Rev. 2003). *Green*, 2004 WL 1729482, at *4. The Court of Appeals also found that the Mississippi On-Site Wastewater Disposal System Law did not "expressly prevent" Cleary from "regulating the use or maintenance of individual on-site wastewater disposal systems," despite the fact that sewer districts were not mentioned in this statutory scheme. *Green*, 2004 WL 1729482, at *4. The Court of Appeals further stated that enactment of Miss. Code Ann. §§ 41-67-1 et seq., did not operate to repeal Miss. Code Ann. § 19-5-173, which gave Cleary the authority to "protect the potable water that it supplies to its customers through regulations protecting the health of these customers." *Green*, 2004 WL 1729482, at *4.

¶12. Plaintiffs, however, point out that the State Board of Health is given authority "[t]o exercise general supervision over the design, construction, operation, and maintenance of individual on-site wastewater disposal systems . . ." and "[t]o adopt, modify, repeal and promulgate rules and regulations" regarding such systems under Miss. Code Ann. § 41-67-3(1). They argue that this grant to the Department of Health is exclusive and that the Legislature, in adopting the Mississippi Individual On-Site Wastewater Disposal System Law, preempted other agencies or political bodies from regulating these types of disposal systems. While this provision gives the Mississippi State Board of Health a general grant of power, this Court has not found any language giving the Board "exclusive" authority in this area, as plaintiffs contend. In fact, § 41-67-3(1)(a) says that the State Department of Health and the Department of Environmental Quality "shall enter into a memorandum of understanding, which at a minimum shall clearly define the jurisdiction of each department with regard to wastewater

7

disposal and procedures for interdepartmental interaction and cooperation." Moreover, § 41-67-3(2) allows professional engineers to provide "design, construction or installation" services for individual disposal systems and actually exempts such engineers from the certification requirements of § 41-67-3(1)(c). This language does not indicate the exclusive vesting of power in the Department of Health as plaintiffs allege.

¶13. Plaintiffs do recognize an exception to the health department's exclusive authority to regulate individual waste disposal systems in Miss. Code Ann. § 41-67-15, which states:

> [n]othing in this chapter shall limit the authority of a municipality or board of supervisors to adopt similar ordinances which may be, in whole or in part, more restrictive than this chapter, and in those cases the more restrictive ordinances will govern.

Since the Legislature did not include sewer districts within this provision, plaintiffs argue that those districts are without power to enact ordinances that concern individual septic systems. They claim that the language here is unambiguous, making statutory interpretation unnecessary and improper. See *Marx v. Broom*, 632 So. 2d 1315, 1318 (Miss. 1994) (stating that "courts cannot restrict or enlarge the meaning of an unambiguous statute"). Plaintiffs seek to bolster this position by noting that water and/or sewer districts such as Cleary were specifically mentioned in another provision of the Mississippi Individual On-Site Wastewater Disposal System Law. This provision regarding temporary disposal systems states:

> The board may approve the installation of sewage holding tanks in districts created under Sections 19-5-151 through 19-5-207 for the purpose of providing sewage services. The district shall be required to maintain or provide for the maintenance of those holding tanks. The board shall require that residences be connected to a municipal or community sewage system when that system is available and ready to use.

Miss. Code Ann. § 41-67-11(2).

8

¶14.    Water and/or sewer districts were given the authority to maintain "sewage holding tanks" with the Board of Health's approval under § 41-67-11(2), yet omitted from § 41-67-15, which gave municipalities and boards of supervisors authority to enact ordinances that were more restrictive than those enacted by the Board of Health. Despite this omission,  in the statutory scheme of Miss. Code Ann. §§ 41-67-1 et seq. does not  prohibit  water and/or sewer districts from regulating individual on-site wastewater systems.   Though § 41-67-15 makes no mention of utility districts, it does not forbid Cleary from adopting the subject ordinance, which the Court of Appeals correctly noted.

¶15.    In addition to the authority granted to water and/or sewer districts under §19-5-173, Miss. Code Ann.   §19-5-175 grants Cleary "all the powers necessary and requisite for the accomplishment of the purpose for which such district is created" and states that none of Cleary's enumerated powers "shall be construed to impair or limit any general grant of power." Districts such as Cleary are authorized "to do all acts necessary, proper or convenient" in exercising the powers granted to them. *Id*.

¶16.    The Court of Appeals  correctly held  that Cleary has authority under its general police power to insure the purity of the water it supplies to its customers.   However, that police power is not unlimited.   The Board of Health is granted a general power to regulate individual wastewater disposal systems under the Mississippi Individual On-Site Wastewater Disposal System Law which is not expressly granted to districts such as Cleary.   As such, any ordinance Cleary enacts, which attempts to regulate individual wastewater disposal systems, must comply with the rules and regulations adopted by the Board of Health.  This principle is denoted in *City of Jackson v. Mississippi State Bldg. Comm'n*, 350 So. 2d 63, 66 (Miss. 1977), in which this

Court stated that "express authority to a state agency to do a particular thing in a particular way supersedes any local or general regulation conflicting therewith."

¶17. The fact that the Board of Health has this general power does not necessarily mean that Cleary is without power to regulate in this area also. Both of the statutory schemes at issue here, Miss. Code Ann. §§ 19-5-151 et seq. and Miss. Code Ann. §§ 41-67-1 et seq., regulate health-related matters. As such, they can be considered in pari materia, and any ambiguities in one provision should be resolved "by applying the statute consistently with other statutes dealing with the same or similar subject matter." *State ex rel. Hood v. Madison County*, 873 So. 2d 85, 90 (Miss. 2004). Stated similarly, "statutes on the same subject, although in apparent conflict, should, if possible, be construed in harmony with each other to give effect to each." *Boyles v. Miss. State Oil & Gas Bd.*, 794 So. 2d 149, 160 (Miss. 2001). With this rule of construction in mind, we find that Cleary does have authority to adopt rules similar to those in its "Decentralized Wastewater Use Ordinance," but the rules and regulations adopted by the Department of Health must take precedence over any conflicting provisions in the Cleary Ordinance.

¶18. This Court finds that the Cleary District did have authority under Miss. Code Ann. §§ 19-5-173 & -175 to enact an ordinance which would protect its water supply and that such action was not preempted by the Mississippi Individual On-Site Wastewater Disposal System Law. However, any provision of such ordinance that conflicts with rules or regulations adopted by State Board of Health, pursuant to its powers under Miss. Code Ann. §§ 41-67-1 et seq., should be declared void and given no effect.

**II.    Whether the trial court erred in granting Cleary's motion for summary judgment.**

**A.    The Affidavits**

¶19.    The plaintiffs  argue that the trial court erred in granting Cleary summary judgment. They allege that the trial court improperly: (1) considered affidavits which were not delivered to opposite counsel until the day of the hearing, and (2) relied on the affidavits of state agency employees as being conclusive of the Department of Health's position that the Cleary Ordinance did not conflict with its rules and regulations.  The only facts the trial court had before it at the hearing on summary judgment were contained in the affidavits of Kenn Munn, Michael Slaughter, and Ralph J. Turnbo, Jr.  Despite this bare record, Cleary claims that the chancellor properly considered the evidence before him and  that his decision should be affirmed.

¶20.    Turnbo's affidavit was filed with the Rankin County Chancery Clerk's office on April 2, 2003, and served via first class mail in compliance with M.R.C.P. 56(c). Yet, according to plaintiffs, neither their counsel nor the chancellor received this affidavit prior to the hearing. The chancellor was within his discretion in considering this affidavit in conjunction with the other affidavits and pleadings in ruling on the parties' motions.  However, plaintiffs,  charge that the chancellor's reliance on affidavits was erroneous in other regards.

¶21.    Plaintiffs claim it was improper for the trial court to rely on the affidavits of Kenn Munn, Michael Slaughter, and Ralph Turnbo because none of them have the authority to speak on behalf of the Department of Health.  They point to the case of  ***Mississippi Dep't of Envtl.***

*Quality v. Weems*, 653 So. 2d 266 (Miss. 1995), for the proposition that a governmental agency may only act through its official policies, rather than its employees.

In *Weems*, the executive director of the Department of Environmental Quality attempted to provide guidance as to how the MDEQ interpreted permit transfers between certain entitites. The chancellor, however, did not believe that the director had authority to bind the MDEQ, found that the MDEQ had not adopted rules and regulations to interpret the term "transfer," and stated that an agency such as the MDEQ "does not speak, nor set policy, through the letters of its Executive Director.  It can only speak through its own official action."  *Weems*, 653 So.2d at 273.  *Weems* affirmed the chancellor's finding that the Commission of Environmental Quality's actions conflicted with the moratorium statute on permit transfers and the chancellor's decision to remand the action to the appropriate administrative agencies to adopt rules and regulations necessary for the proper adjudication of the case. *Id*. at 273, 282-83.

¶22.    Cleary has defended the charges brought by plaintiffs by not only stating that it has the authority to enact its ordinance but that such ordinance was adopted with approval of both the MDEQ and the Department of Health.  These contentions are supported by various affidavits which the trial court stated it considered in rendering its judgment.  Kenn Munn, who served as manager of the Cleary Water, Sewer and Fire District and was also the secretary on its Board of Commissioners, stated that the Department of Health recommended that Cleary adopt its ordinance, that he worked closely with both the Department of Health and the MDEQ in drafting the ordinance, and that the ordinance was adopted after receiving "review and comment" from both the Department of Health and the MDEQ.  Cleary also introduced the affidavit of Michael Slaughter, a professional engineer.  In his affidavit,  Slaughter  did  presume

not to speak on behalf of any government agency, rather he stated that it was his expert opinion that the Cleary Ordinance was an appropriate measure to protect the health of the residents who lived within the Cleary District. It is apparent that neither of these individuals has authority to speak for the Department of Health as to whether Cleary's Ordinance conflicts with any departmental rules or regulations.

¶23. However, as mentioned above, Cleary also introduced the affidavit of Ralph Turnbo, director of the Department of Health's Onsite Wastewater division. Turnbo stated in his affidavit that the Department of Health did recommend that Cleary adopt an ordinance and policy regarding on-site wastewater systems, that members of the Department of Health, MDEQ, and the Cleary District met several times regarding this matter, that Cleary's ordinance did not "unlawfully encroach upon the authority of the Mississippi State Department of Health," and that the subject ordinance was adopted after review and comment of both the Department of Health and the MDEQ.

¶24. We find that the chancellor did not err in considering any of the affidavits before him; however, we do find that he erred in granting summary judgment, as neither the statements contained in those affidavits nor the pleadings in the record support such a decision in the instant case. Based on the record before this Court, there is a genuine issue of material fact as to whether the ordinance enacted by the Cleary District conflicts with rules and regulations adopted by the Department of Health. Consistent with *Weems*, a determination should be made as to whether Cleary's "Decentralized Wastewater Use Ordinance" offends any of the Deparment of Health's policies. Summary judgment was also inappropriate as to the "takings" argument raised by plaintiffs, and addressed below.

13

**B. Takings.**

¶25. Plaintiffs allege that enforcement of Cleary's Ordinance would be an unconstitutional taking of private property under both the federal and state constitutions. See U.S. Const. amend. V; U.S. Const. amend. XIV; Miss. Const. art. 3, §17. This contention is based in large part on the "Decentralized Wastewater Policy & Procedures" document which accompanied one of the letters Cleary sent to its customers. This document required property owners to: (1) provide proof, at their own expense, that their septic system is working properly; (2) if unable to provide that proof, they are required to install a new septic system approved by Cleary; (3) the cost for the inspection and/or installation is borne by the property owner; (4) the property owner is then required to deed ownership of the septic system to Cleary as well as grant Cleary an easement to inspect and service the septic system, all without compensation; and (5) the property owner must pay a monthly charge for maintaining the septic system that is now owned by Cleary.

¶26. Cleary states that the "Policy and Procedures" document it sent to customers was repealed prior to submission of the parties' cross-motions for summary judgment. To support this contention, Cleary references the supplemental affidavit of Kenn Munn, which was purportedly attached to Cleary's Motion for Summary Judgment. In this affidavit, Munn stated that the "Policy and Procedures" adopted in conjunction with Cleary's Ordinance were repealed and he further stated that the "Minutes of the Governing Authorities of the Cleary Water Sewer and Fire District," which reflected Cleary's actions, were attached to his affidavit as an exhibit.

14

¶27. Munn may have submitted Cleary's minutes as an exhibit; however, that exhibit is not attached to his affidavit in the trial record before this Court. We have been unable to locate the "Minutes of the Governing Authorities" in any of the documents in the record. As the chancellor made no specific findings of fact or conclusions of law in rendering his final judgment, there is no record before this Court indicating whether these challenged policies were in fact repealed, as Cleary contends, or are still in force. Further, the lack of a developed record from the trial court prevents this Court from determining whether the chancellor even considered plaintiffs' takings claim in rendering his judgment, something the Court of Appeals likewise failed to address.

¶28. We find that a genuine issue of material fact exists as to the status of Cleary's "Policy and Procedures" provision and as to whether the lower courts addressed or passed on plaintiffs' "takings" claim. Summary judgment is therefore inappropriate in this case, and we find that the trial court erred in granting Cleary's motion and that the Court of Appeals erred in failing to address this "takings" issue on appeal.

## CONCLUSION

¶29. This Court finds that Cleary does have the authority to enact its "Decentralized Wastewater Use Ordinance" under its general police powers; however, this ordinance must not run counter to the rules and regulations enacted by the Mississippi State Department of Health, which has statutory authority to regulate in this area under Miss. Code Ann. §§ 41-67-1 et seq. This Court also finds that the trial court erred in granting, and the Court of Appeals erred in affirming, Cleary's motion for summary judgment, as a genuine issue of material fact exists

15

as to whether the Cleary Ordinance conflicts with Department of Health regulations. A genuine issue of material fact also exists regarding whether the "Policy and Procedures" provision which Cleary sent to district residents is still in effect and whether enforcement of the Cleary ordinance would constitute a taking without just compensation. Therefore, we reverse the judgments of the Court of Appeals and the Rankin County Chancery Court, and we remand this case to the chancery court for further proceedings consistent with this opinion.

¶30. **REVERSED AND REMANDED.**

**WALLER AND COBB P.JJ., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. SMITH, C.J., AND DIAZ , J., NOT PARTICIPATING**.