926 So.2d 941 (2006)
Linda Kaye RANDOLPH, Appellant
v.
Laurence L. LAMBERT, LLL Properties, Inc., BP Properties, Inc. and Frank P. Wittmann, III, Appellees.
No. 2004-CA-02169-COA.
Court of Appeals of Mississippi.
April 18, 2006.
*942 Ray T. Price, Hattiesburg, attorney for appellant.
Floyd J. Logan, Sherrie L. Moore, Gulfport, attorneys for appellees.
Before MYERS, P.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. Laurence Lambert filed suit against Linda Randolph for breach of contract. Randolph filed a motion for summary judgment and a counterclaim, which alleged the filing of a frivolous lawsuit under the Litigation Accountability Act. The Circuit Court of Harrison County granted Randolph's motion for summary judgment before Lambert filed an answer to the counterclaim. Thereafter, Randolph obtained new counsel and filed an amended counter-complaint adding Lambert's counsel, Frank Wittmann, III, as a defendant and asserting additional claims of intentional infliction of emotional distress and negligent infliction of emotional distress. *943 Lambert filed a motion for summary judgment and Wittmann filed a motion to dismiss. Both motions were granted and Randolph appeals.
I. WHETHER THE LITIGATION ACCOUNTABILITY ACT WAS USED PROPERLY AS A CAUSE OF ACTION
II. WHETHER THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM WAS TIME BARRED UNDER THE CONTINUING TORT DOCTRINE
III. WHETHER THE COURT ERRED IN DISMISSING THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS
IV. WHETHER THE COURT ERRED IN DISMISSING THE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS
V. WHETHER WITTMANN WAS ON NOTICE OF THE CLAIM AND A NECESSARY PARTY TO THE LITIGATION
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On June 5, 2000, Randolph purchased a piece of property from Lambert. Subsequently, Randolph sold the property to Edwin Pearson. On April 24, 2001, Lambert filed a lawsuit against Randolph which claimed that Randolph failed to honor an oral contract to split the profits on the sale to Pearson. Randolph filed a counterclaim which alleged the filing of a frivolous lawsuit under the Litigation Accountability Act. Randolph also filed a motion for summary judgment which the court granted on September 27, 2002, dismissing Lambert's claims. When the motion for summary judgment was granted, Lambert had not filed an answer to Randolph's counterclaim. Lambert filed a motion to set aside the judgment which was overruled by the trial court. Lambert did not appeal.
¶ 4. Subsequently, Randolph obtained new counsel and on May 5, 2003, she filed an amended counterclaim. The amended counterclaim alleged the filing of the frivolous lawsuit under the Litigation Accountability Act and asserted the additional claim of intentional infliction of emotional distress or, in the alternative, negligent infliction of emotional distress. The counterclaim alleges that the counter-defendants "knew or should have known through the use of due diligence that the lawsuit was filed without substantial justification, frivolous, groundless in fact and in law, and vexatious." Randolph claims that she suffered severe emotional distress throughout the course of the original suit and she suffered detriment to her business as a real estate investor. Randolph feared the lawsuit would have an adverse effect on her business reputation. As a result of the emotional distress, Randolph became depressed. Randolph was prescribed Paxil by her family physician and she saw a cardiologist for her increasing blood pressure.
¶ 5. In the amended counterclaim, Randolph also named Lambert's counsel, Frank P. Wittmann, as a defendant. No leave of the trial court was requested by Randolph to add Wittmann as a defendant and Wittmann was not served with process. Wittmann filed an answer and a motion to dismiss the amended counterclaim for insufficient service of process, improper joinder and expiration of the statute of limitations. Additionally, Lambert filed a motion for summary judgment and Wittmann joined the motion. On September 30, 2004, the Circuit Court of Harrison County granted Lambert's motion *944 for summary judgment and Wittmann's motion to dismiss.

STANDARD OF REVIEW
¶ 6. Lambert was granted his motion for summary judgment against Randolph's amended counter complaint claims. A moving party is entitled to a summary judgment as a matter of law when there is no genuine issue of material fact. M.R.C.P. 56(c). The standard of review for a summary judgment is de novo.
¶ 7. The trial court granted Wittmann's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. Little v. Mississippi Dep't. of Human Services, 835 So.2d 9, 11 (¶ 6) (Miss.2003). To grant a motion to dismiss under Rule 12(b)(6), the trial court must be certain that Randolph is entitled to no relief under any set of facts that could be proved in support of the claim. Franklin County Co-op v. MFC Services (A.A.L), 441 So.2d 1376, 1377 (Miss.1983). Because a motion to dismiss is a question of law, the standard of review is de novo. UHS-Qualicare, Inc. v. Gulf Coast Cmty. Hosp., Inc., 525 So.2d 746, 754 (Miss.1987).

LAW AND ANALYSIS

I. WHETHER THE LITIGATION ACCOUNTABILITY ACT WAS USED PROPERLY AS A CAUSE OF ACTION
¶ 8. The Litigation Accountability Act of 1988 states in pertinent part:
in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.
Miss.Code Ann. § 11-55-5(1) (Rev.2002). Therefore, the Litigation Accountability Act allows the court to award the prevailing party for encountering unnecessary expenses in order to vindicate a state protected right. Id. The court will only award fees when a party brings frivolous or bad faith litigation. Young v. Deaton, 766 So.2d 819, 822 (¶ 12) (Miss.Ct.App.2000).
¶ 9. Randolph claims that the Litigation Accountability Act may be properly brought before the court as a cause of action. Lambert claims that the act is a remedy for frivolous actions and not a cause of action itself. Lambert contends that the statute states the court shall award fees for frivolous action "upon the motion of any party or on its own motion" and therefore, the statute is clear that the Litigation Accountability Act is to be brought as a motion and not as an independent cause of action.
¶ 10. The trial court agreed with Lambert. The court opined that "the intent of the legislature, when it crafted the above mentioned statute, was to provide a remedy in addition to the one provided for by Rule 11 of the M.R.C.P., for improper conduct related to the prosecution or defense of a lawsuit." The trial court interpreted the statute strictly and held that the statute requires a party seeking relief *945 under the statute to do so by motion. The court held that the purpose of the statute was clearly to provide the courts with an additional sanctioning mechanism, not to create a cause of action. This Court agrees with the ruling of the trial court.
¶ 11. The clear language of the statute shows that the legislature intended for the Litigation Accountability Act to be brought in motion form and not as a cause of action. Mississippi Code Annotated section 11-55-5(1) states "the court shall award, as part of its judgment and in addition to any other costs assessed, reasonable attorney's fees. . . ." This language support's the trial court's ruling that the award of any costs under the act would be awarded "as part" of the judgment and "in addition to any other costs assessed" from the judgment. This indicates that the award would be part of the original action, assessed with other costs involved in the original action, not an independent judgment in and of itself.
¶ 12. Additionally, the language of the statute specifically states that the claim is to be brought "upon motion of any party or on its own motion." This Court is bound by the clear language of the statute which makes clear the legislature intended the claim to be brought on motion and not as an independent cause of action. Based upon the plain reading of the statute, the Litigation Accountability Act is not an independent cause of action.

II. WHETHER THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM WAS TIME BARRED UNDER THE CONTINUING TORT DOCTRINE
¶ 13. Lambert filed the original suit against Randolph on April 20, 2001. On May 6, 2003, Randolph filed the amended counterclaim which added the additional claim of intentional infliction of emotional distress or, in the alternative, negligent infliction of emotional distress. Lambert contends that the claim for intentional infliction of emotional distress is time barred because the statute of limitations is one year. Miss.Code Ann. § 15-1-35 (Rev.2002). Randolph argues that the intentional infliction of emotional distress was a continuing tort. If the claim is a continuing tort, the statute of limitations does not begin to run until the date of the last injury. Smith v. Sneed, 638 So.2d 1252, 1255 (Miss.1994). Randolph claims the date of the last injury was the day that the summary judgment was granted by the lower court; therefore, her claim was timely filed.
¶ 14. A continuing tort is a tort that is "inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action." Stevens v. Lake, 615 So.2d 1177, 1183 (Miss.1993) (citing 230-31 C.J.S., Limitations of Actions § 177). To toll a statute of limitation, the tort must be "occasioned by continual unlawful acts, not by continual ill effects from an original violation." Id. Randolph contends that the continued pursuit of the frivolous lawsuit is sufficient to constitute repeated acts of wrongful conduct. Therefore, this Court must determine whether the emotional distress was a result of the filing of the lawsuit or whether the emotional distress was caused by continuing unlawful acts.
¶ 15. In Stevens, the court holds the continued tort doctrine applies "where the defendant commits repeated acts of wrongful conduct, not where harm reverberates from a single, one-time act or omission." Id. In the present case, Randolph does not state any additional wrongful acts that occurred after filing the lawsuit which would constitute repeated wrongful conduct. To the contrary, the only "action" Randolph *946 refers to in her amended counterclaim is the action of filing the lawsuit. Randolph's claim of continued pursuit of the lawsuit is not sufficient to justify repeated unlawful acts. There is no evidence to support a claim that any continued ill effects were caused by any act other than the lawsuit. Therefore, the statute of limitations is not tolled and the claim for intentional infliction of emotional distress is barred by the statute of limitations.

III. WHETHER THE COURT ERRED IN DISMISSING THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS
¶ 16. Because this Court finds that the claim for intentional infliction of emotional distress is barred by the one-year statute of limitations, this issue is without merit.

IV. WHETHER THE COURT ERRED IN DISMISSING THE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS
¶ 17. Negligent infliction of emotional distress has a three-year statute of limitations. Therefore, Randolph's claim for negligent infliction of emotional distress was timely filed. In order to recover emotional distress damages resulting from ordinary negligence, Randolph must prove "some sort of physical manifestation of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably forseeable to the defendant." American Bankers' Ins. Co. of Florida v. Wells, 819 So.2d 1196, 1208 (¶ 40) (Miss.2001). For Randolph "to recover for mental anguish unaccompanied by demonstrable physical or mental injury, the defendant's conduct must be malicious, intentional, willful, wanton, grossly careless, indifferent or reckless." Id.
¶ 18. Randolph claims that her anxiety regarding the lawsuit caused her increased blood pressure. Randolph admits that she had blood pressure problems prior to the lawsuit; however, after the lawsuit she was forced to see a specialist. Randolph claims that she was prescribed medication to treat her anxiety and depression as a result of the lawsuit.
¶ 19. Although Randolph claims that her family physician can testify to increased anxiety and stress, Randolph did not offer any evidence to support this contention in the summary judgment motion. Randolph cannot recover for emotional distress damages resulting from ordinary negligence "without proving some sort of physical manifestation of injury or demonstrable harm." Evidence that Randolph is very depressed and very upset is insufficient to sustain damages for mental anguish.
¶ 20. The trial court ruled that there was no evidence that indicated any extreme conduct on behalf of Lambert. We agree with the trial court that there is no evidence that Lambert and Wittmann acted grossly careless or reckless. Therefore, the trial court did not err in dismissing the negligent infliction of emotional distress claims.

V. WHETHER WITTMANN WAS ON NOTICE OF THE CLAIM AND A NECESSARY PARTY TO THE LITIGATION
¶ 21. Wittmann claims that the motion to dismiss was properly granted by the trial court because Randolph did not meet the requirements of Rule 14 of the Mississippi Rules of Civil Procedure. Under Rule 14 of the Mississippi Rules of Civil Procedure, "[a]fter commencement of the action and upon being so authorized by the court in which the action is pending on motion and for good cause shown, a defending party may cause a summons and compliant to be served upon a person not a *947 party to the action who is or may be liable to him for all or a part of the plaintiff's claim. . . ." M.R.C.P. 14. Randolph did not file a motion to amend her counterclaim to join Wittmann. Neither did she serve Wittmann with process.
¶ 22. Randolph admits that procedural deficiencies exist. However, Randolph contends that she did not need to obtain leave of court under Rule 14 of the Mississippi Rules of Civil Procedure because the amended counterclaim was brought pursuant to Rule 15 of the Mississippi Rules of Civil Procedure. Under Rule 15 of the Mississippi Rules of Civil Procedure, "[a] party may amend his pleading as a matter of course at any time before a responsive pleading is served."
¶ 23. Lambert did not respond to Randolph's counterclaim before the summary judgment was granted. Randolph contends that no leave of court was necessary to bring in Wittmann as a third party defendant because the complaint was properly amended under Rule 14 of the Mississippi Rules of Civil Procedure.
¶ 24. However, Randolph cannot disregard the procedures for adding a third party defendant set out in Rule 14 of the Mississippi Rules of Civil Procedure. Under Rule 14, Randolph cannot bring in Wittmann as a third party without good cause shown and proper service. Randolph did not meet these standards.
¶ 25. Randolph claims Wittmann knew of the substance of the counterclaim, therefore, he should not be dismissed from the suit regardless of the deficiencies. These arguments are without merit.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.