## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-01028-SCT

*JULIAN ROSE, M.D.*

*v.*

*EUGENE TULLOS*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/11/2007 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DREW McLEMORE MARTIN |
| ATTORNEY FOR APPELLEE: | DAVID GARNER |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 11/13/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND RANDOLPH, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Julian Rose, M.D., filed suit against attorney Eugene Tullos for malicious prosecution, civil abuse of process, and violations under the Litigation Accountability Act. The Circuit Court of Smith County granted Tullos's motion to dismiss for failure to state a claim upon which relief could be granted. Aggrieved, Rose now appeals to this Court.

¶2.     Rose raises the following issues on appeal:

>    **I.     Whether the trial court erred in granting Tullos's motion for failure to state a claim arising under the Litigation Accountability Act.**

**II.** **Whether the trial court erred in granting Tullos's motion for failure to state a claim on the ground of malicious prosecution.**

**III.** **Whether the trial court erred in granting Tullos's motion for failure to state a claim on the ground of civil abuse of process.**

## PROCEDURAL HISTORY

¶3. Rose filed a pro se complaint against Tullos in the Chancery Court of Rankin County in August 2005. The complaint alleged malicious prosecution. Tullos filed a motion for change of venue to the Circuit Court of Smith County. The motion was granted in March 2006, and the case was transferred to Smith County Circuit Court.

¶4. Rose filed a motion to amend his complaint in June 2006, which was granted. Rose then filed his first amended complaint in June 2006, which alleged violation of the Litigation Accountability Act of 1988, malicious prosecution, and abuse of process.

¶5. Rose filed a motion for leave to amend his complaint and for change of venue, or in the alternative, for the recusal of Judge Robert Evans in June 2006. Judge Evans recused himself and submitted a request to this Court for the appointment of a special judge to preside over all further proceedings. In October 2006, this Court specially appointed the Honorable Isadore W. Patrick, Jr. from the Ninth Circuit Court District to preside over all further proceedings in the case.

¶6. In April 2007, Tullos filed a motion to dismiss for failure to state a claim upon which relief could be granted under Mississippi Rule of Civil Procedure 12(b)(6). In May 2007, the trial court granted the motion to dismiss. Aggrieved, Rose timely filed an appeal to this Court.

¶7.     We hold that the Litigation Accountability Act does not create a separate, independent cause of action. The remaining issues are without merit. We therefore affirm the trial court's judgment.

**FACTS**

¶8.     In an earlier action, Alma Jones brought suit against Rose for medical malpractice. Tullos represented Jones in the malpractice action. Jones filed the lawsuit against Rose (as well as the Mississippi Baptist Medical Center, Olympus American, Inc., and nine unnamed defendants) "on or about December 31, 2002." Summary judgment was granted in favor of Rose in September 2004, and the case was dismissed.

¶9.     Rose then filed his pro se complaint in this case against Tullos for malicious prosecution, indicating he was unable to find an attorney to represent him. Eventually, Rose secured representation. Rose's amended complaint ultimately alleged malicious prosecution, civil abuse of process, violation under the Litigation Accountability Act, defamation, and damage to his reputation.

¶10.     Rose, acting through counsel in his response to Tullos's Rule 12(b)(6) motion to dismiss, voluntarily dismissed his claims of defamation and damage to his reputation against Tullos. Judge Patrick held that the other claims could not survive a Rule 12(b)6) motion for failure to state a claim upon which relief could be granted. The case was dismissed. Aggrieved, Rose now appeals to this Court.

STANDARD OF REVIEW

¶11.    A motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure raises an issue of law, which is reviewed under a de novo standard.  *Cook v. Brown*, 909 So. 2d 1075, 1077-78 (Miss. 2005).  A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint.  *Id.* at 1078 (citing *Little v. Miss. Dep't of Human Servs.*, 835 So. 2d 9, 11 (Miss. 2002)).  The allegations in the complaint must be taken as true, and there must be no set of facts that would allow the plaintiff to prevail.  *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 893 (Miss. 2006).  This Court need "not defer to the trial court's ruling."  *Id.* (citing *Roberts v. New Albany Separate Sch. Dist.*, 813 So. 2d 729, 730-31 (Miss. 2002)).  This Court must find that there is no set of facts that would entitle a defendant to relief under the law in order to affirm an order granting the dismissal of a claim on a Rule 12(b)(6) motion.  *Id.* (citing *Lowe v. Lowndes County Bldg. Inspection Dep't*, 760 So. 2d 711, 713 (Miss. 2000)).

## DISCUSSION

**I.      Whether the trial court erred in granting Tullos's motion for failure to state a claim arising under the Litigation Accountability Act.**

¶12.    Mississippi Code Annotated Section 11-55-5(1) (Rev. 2002), commonly referred to as the Litigation Accountability Act, states in pertinent part:

> **in any civil action** commenced or appealed in any court of record in this state, the court shall award, as part of its judgment, and in addition to any other costs otherwise assessed, reasonable attorneys fees and costs against any party or attorney if the court, **upon motion of any party or on its own motion**, finds that an attorney or party brought an action, . . . .

Miss. Code Ann. § 11-55-5(1) (Rev. 2002) (emphasis added).

4

¶13.    This Court has long held that when a statute is not ambiguous, it must be construed according to its plain meaning. *Miss. Ins. Guar. Ass'n v. Cole*, 954 So. 2d 407, 412 (Miss. 2007). The Litigation Accountability Act states a claim for attorney's fees and costs in any civil action must be brought "upon motion of any party or on its own motion." Miss. Code Ann. § 11-55-5(1) (Rev. 2002). The wording of the statute leaves no room for any alternative interpretation of the procedure to be utilized to seek attorney fees and costs. A plain reading of the statute creates no separate cause of action for a violation of the Litigation Accountability Act.

¶14.    This Court has set forth its duty to interpret actions by the Legislature, not to enlarge or restrict Legislative intent. *Id.* at 412 (citing *Miss. Dep't of Transp. v. Allred*, 928 So. 2d 152, 156 (Miss. 2006)). Rose would have this Court alter the Litigation Accountability Act beyond the language of the statute to allow for a separate cause of action that is not granted by the language of the statute. This Court declines to do so. This Court has held consistently that its "ultimate goal . . . is to discern and give effect to . . . legislative intent." *Cole*, 954 So. 2d at 412-13 (citing *Allred*, 928 So. 2d at 154); *see also Green v. Cleary Water, Sewer & Fire Dist.*, 910 So. 2d 1022, 1027 (Miss. 2005); *Marx v. Broom*, 632 So. 2d 1315, 1318 (Miss. 1994); *City of Natchez v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992).

¶15.    Whether or not the Litigation Accountability Act creates a separate cause of action has never been ruled on by this Court, thus we have a case of first impression. Previously, only our Court of Appeals has addressed the issue and held that no separate cause of action can lie under the Litigation Accountability Act. *Randolph v. Lambert*, 926 So. 2d 941 (Miss. Ct. App. 2006). Rose asks this Court to overrule *Randolph*.

5

¶16.    While this Court has the power as the final arbiter to determine the Legislature's intent, as earlier stated, a plain reading of the Act does not counter the holding in **Randolph**. Thus we confirm the Court of Appeals' interpretation of the Litigation Accountability Act as not providing a separate independent cause of action.

¶17.    In **Randolph**, the Court of Appeals held that the plain meaning of the statute was readily interpreted. **Id.** The Court of Appeals held that the Act was codified to create an additional avenue for sanctions, not to create an independent cause of action. **Id.** at 944-45. The Court of Appeals referred to the language in the statute "upon motion of any party or on its own motion" as an indication of the Legislature's intent that violations under the Act must be brought in motion form; therefore, the Legislature did not create a separate cause of action. **Id.** at 945 (quoting Miss. Code Ann. § 11-55-5(1) (Rev. 2002)).

¶18.    The Court of Appeals noted additional language from the Act, that "the court shall award, as part of its judgment and in addition to any other costs assessed . . . ," as further indication that any judgment must be "part of the original action . . . not an independent judgment in and of itself." **Id.** at 945. The Court of Appeals held itself bound by the plain language of the statute, and this Court agrees – the Court of Appeals is bound by the language of the statute, as is this Court. The Court of Appeals properly interpreted the Litigation Accountability Act.

¶19.    In the alternative, Rose argues that, should this Court deem a separate action does not lie, such a ruling merely affirms **Randolph**. Rose advances the argument that prior to **Randolph**, an independent action would have been viable. Therefore, Rose argues that his claim should stand as an independent action because it was filed prior to the Court of

6

Appeals' decision in **Randolph**, irrespective of this Court's ruling. **Randolph**, 926 So. 2d 941.

¶20.    Although this Court had not previously interpreted the statute as to whether or not a separate action would lie, neither this Court nor the Court of Appeals in **Randolph** altered the law. **Id.** Therefore, whether Rose filed his claim as an independent action under the Litigation Accountability Act, either prior to, or subsequent to, **Randolph**, the action does not constitute a claim upon which relief may be had.

¶21.    Additionally, Rose claims that Rule 11 of the Mississippi Rules of Civil Procedure proves that the Litigation Accountability Act creates a cause of action. Rose asserts that, otherwise, the Litigation Accountability Act would be redundant and unnecessary. This Court previously clarified any misplaced suggestion that the Litigation Accountability Act and Rule 11 of the Mississippi Rules of Civil Procedure are redundant. **Stevens v. Lake**, 615 So. 2d 1177, 1184 (Miss. 1993). This Court has held that there is no conflict between Rule 11 of the Mississippi Rules of Civil Procedure and Mississippi Code Annotated Section 11-55-5 (Rev. 2002). **Stevens**, 615 So. 2d at 1184. This Court held that the Act does not conflict with, but merely augments, Rule 11 "by stating that the court shall specifically set forth the reasons for awarding attorney fees and costs and enumerates factors which shall be considered by the court." **Id.** Rose's argument that the Litigation Accountability Act creates a separate cause of action by virtue of the existence of Rule 11 of the Mississippi Rules of Civil Procedure is without merit. **Id.**

> **II.    Whether the trial court erred in granting Tullos's motion for failure to state a claim on the ground of malicious prosecution.**

7

¶22. The trial court held that it lacked jurisdiction over this matter. Tullos, acting as Jones's attorney, was not the proper party against whom to bring this action. Rose argues that some sort of immunity from suit has been granted to Tullos, and thereby all attorneys in Mississippi, by the trial court. The issue of attorney immunity from suit on the ground of malicious prosecution was never raised at trial and is not properly before this Court. Therefore, the trial court's dismissal should be affirmed.

¶23. Rose also points to an affidavit that was introduced during discovery in the underlying matter. The affidavit indicated that the source of Jones's infection was not the instrument Rose used during the procedure (which was the subject of the lawsuit). Rose claims that at that juncture, Tullos should have voluntarily dismissed the suit on behalf of his client. Rose suggests that Tullos's failure to withdraw constitutes malicious prosecution. However, even if this Court were to consider such an argument, the argument must fail. No continuing duty exists to force an attorney to abandon a claim if it later appears to be without merit. *Bean v. Broussard*, 587 So. 2d 908, 913 (Miss. 1991) (citing *Nationwide Mut. Ins. Co. v. Evans*, 553 So. 2d 1117, 1119-20 (Miss. 1989)).

¶24. Further, sanctions cannot be brought merely because the underlying facts in a suit were later found to support the defendants' arguments. In *Bean*, this Court held that the threshold inquiry must take place at the time of the filing of the lawsuit. *Bean*, 587 So. 2d at 913. Our law is well-settled on the threshold inquiry as to when the possibility of sanctions arises. There is nothing in the record that indicates Tullos was filing suit *on behalf of his client* without a reasonable basis.

8

¶25. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 431 (Miss. 2007) (holding that defendant failed to plead sufficient facts and instructing the trial court to dismiss the plaintiff from the case). Here, Tullos had a client who had allegedly suffered an injury and sought relief. From an objective standard, the infection with which Jones was afflicted *could have been* the result of the negligence of Rose. In fact, it was not, and the case was dismissed. There is no indication from the record or the procedural posture of the underlying case that Tullos acted in any manner that was improper or would warrant sanctions.

¶26. Were this Court to accept Rose's implied hypothesis that, should a party fail to prevail in his suit, there is some redress against having brought suit in the first place, Rose might himself be subject to sanctions, as his case was dismissed. Our system does not support such a contention. Rose prevailed in the underlying suit; unsatisfied with the result, he seeks relief for having been the subject of a lawsuit. However, no such right to relief exists under the law.

### III. Whether the trial court erred in granting Tullos's motion for failure to state a claim on the ground of civil abuse of process.

¶27. Again, Rose has raised a claim that Tullos has been granted some kind of immunity from suit by virtue of the trial court's dismissal on Tullos's Rule 12(b)(6) motion. Rose did not raise the issue of immunity from suit on the ground of civil abuse of process, and the issue is not properly before this Court. Therefore, the trial court's dismissal should be affirmed.

### CONCLUSION

¶28. The Litigation Accountability Act does not create a separate, independent cause of action. The other issues have no merit; therefore, this Court affirms the trial court's judgment.

¶29. **AFFIRMED.**

**WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON, RANDOLPH, AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**