# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01508-COA

GEORGE W. HUMPHRIES IV                                    APPELLANT

v.

VIRLILIA ROAD CONSERVATION GROUP              APPELLEE
LLC

| | |
|---|---|
| DATE OF JUDGMENT: | 09/28/2017 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANIEL DEWAYNE WARE |
| ATTORNEYS FOR APPELLEE: | ADAM STONE |
| | JACKIE RAY BOST II |
| | KAYTIE MICHELLE PICKETT |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 12/11/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., GREENLEE AND TINDELL, JJ.

### LEE, C.J., FOR THE COURT:

¶1.     George W. Humphries filed a complaint against Virlilia Road Conservation Group LLC (VRC) in Madison County Circuit Court alleging he suffered injuries as a result of the negligence of an off-duty sheriff's deputy hired by VRC.  In this appeal, we must determine if the circuit court properly granted summary judgment in VRC's favor.

### PROCEDURAL HISTORY

¶2.     Humphries's alleged injury occurred on December 28, 2014.  He filed his first complaint on December 14, 2015, against Cameron Plantation.  After learning that the off-duty sheriff's deputy, Officer Robert Sanders, had been hired by VRC, Humphries filed a

motion to amend his complaint. The circuit court granted his motion, and Humphries filed the amended complaint on September 7, 2016, adding VRC as a defendant.

¶3.     The circuit court ultimately granted VRC's motion for summary judgment and dismissed Humphries's suit with prejudice. Humphries now appeals, asserting numerous issues all relating to whether summary judgment was properly granted in VRC's favor.

**FACTS**

¶4.     Due to concerns about illegal hunting in the area of Cloud Road and Virlilia Road in Madison County, Mississippi, VRC hired off-duty police officers to patrol the area. On December 28, 2014, Officer Sanders was patrolling the area. At the time, Officer Sanders was a reserve deputy sheriff for Madison County and the assistant chief for the Madison Police Department. Officer Sanders stated that he saw a truck stopped in the center of Cloud Road for several minutes. As he approached the truck, Officer Sanders stated that he tried to get the driver's attention, but the truck accelerated. Officer Sanders stopped the truck and noticed that the driver appeared nervous. Officer Sanders saw two additional men in the truck and also noticed open containers of beer. He saw Humphries—sitting in the rear passenger seat—appear to reach for something. Officer Sanders then asked the three men to exit the truck and noticed a rifle in the rear passenger seat with several rounds of ammunition next to it. According to Officer Sanders, Humphries admitted to removing the bullets from the rifle after seeing Officer Sanders's patrol car.

¶5.     In his deposition, Officer Sanders said that he decided to conduct an investigative stop based upon the suspicious activity of the truck, stating that "the suspicious activity would be

2

he's sitting in the middle of the road for a length of time." Specifically, he noted that the truck was obstructing a public road, which is a misdemeanor.

¶6.     Officer Sanders then called Agent Greg Walters, who worked for the Department of Wildlife and Fisheries. Agent Walters arrived and searched the truck. In addition to the rifle, he found marijuana and a loaded pistol in the truck. He also discovered that all three men had prior convictions. Agent Walters then arrested all three men and arranged their transport to jail. Another Madison County Sheriff's Department employee, Officer Kyrie Lucas, transported Humphries to jail. Humphries claims he was injured due to Officer Lucas's reckless driving. According to Humphries, Officer Lucas drove too fast over several rough spots in the road. As a result, Humphries, who was not wearing a seat belt, hit his head on the roof of the patrol car.

**STANDARD OF REVIEW**

¶7.     The grant or denial of a motion for summary judgment is reviewed de novo. *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). We view the evidence "in the light most favorable to the party against whom the motion has been made." *Id*. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "The movant bears the burden of persuading the [circuit] judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law." *Karpinsky*, 109 So. 3d at 88 (¶11). Further,

3

if at trial the movant would bear the burden of proof, he also bears the burden of production for summary judgment. *Id.* But, the nonmovant may not "rest upon the mere allegations or denials of his pleadings." M.R.C.P. 56(e). The nonmovant must respond "by affidavits or as otherwise provided in [Rule 56]," and he "must set forth specific facts showing that there is a genuine issue for trial." *Id.* "If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Id.*

### DISCUSSION

¶8. Humphries argues that summary judgment was improvidently granted because there were genuine issues of material fact regarding the following claims: false imprisonment, negligence, malicious prosecution, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, failure to train, and abuse of process.

### I. False Imprisonment

¶9. Humphries alleges he was falsely imprisoned as a result of Officer Sanders's illegal traffic stop. The elements of a false imprisonment claim are "(1) detention of the plaintiff and (2) unlawfulness of that detention." *Richard v. Supervalu Inc.*, 974 So. 2d 944, 949 (¶18) (Miss. Ct. App. 2008).

¶10. Humphries was clearly detained by law enforcement. As such, our concern here is "whether the actions of [Officer Sanders] in detaining [Humphries] were objectively reasonable in their nature, purpose, extent[,] and duration. We make this inquiry by reference to the totality of the circumstances reasonably apparent to the persons situated as [was Officer Sanders.]" *Thornhill v. Wilson*, 504 So. 2d 1205, 1208 (Miss. 1987). Furthermore,

4

in this context, "our law affords a defense to one sued for false imprisonment that the plaintiff was temporarily detained for reasonable investigative purposes." *Id*.

¶11. As previously stated, Officer Sanders was patrolling an area known for illegal hunting when he saw a truck sitting in the middle of the road for a length of time. When Officer Sanders approached the truck and tried to signal the driver, the truck accelerated away from him. In his deposition, Officer Sanders did state that he stopped the truck based upon "suspicious activity." But, he clarified that statement, stating that "the suspicious activity would be [the truck] sitting in the middle of the road for a length of time." In this instance we find that the stop and temporary detention was objectively reasonable under *Thornhill*. As a result, Humphries's false-imprisonment claim is without merit.

## II. Negligence

¶12. Humphries argues that Officer Sanders's decision to unlawfully stop the truck was the proximate cause of his injuries, and that the injuries he received during transport were "clearly foreseeable." Humphries briefly contends that VRC claimed Officer Sanders was not its employee. In its brief, however, VRC does not dispute that under Mississippi Code Annotated section 17-25-11 (Rev. 2012), it would be liable for any torts committed by Officer Sanders. But, VRC contends that Humphries cannot show that Office Sanders committed any torts that day.

¶13. The elements of negligence are well-settled in Mississippi: (1) duty, (2) breach of that duty, (3) proximate causation, and (4) damages. *McDaniel v. Ferrell*, 232 So. 3d 814, 818 (¶13) (Miss. Ct. App. 2017). "To succeed in a negligence claim, the plaintiff must prove

5

both causation and proximate cause." *Dillon v. Greenbriar Digging Serv. Ltd.*, 919 So. 2d 172, 177 (¶12) (Miss. Ct. App. 2005). "Proximate cause requires: (1) cause in fact; and (2) foreseeability." *Johnson v. Alcorn State Univ.*, 929 So. 2d 398, 411 (¶48) (Miss. Ct. App. 2006) (quoting *Ogburn v. City of Wiggins*, 919 So. 2d 85, 91 (¶21) (Miss. Ct. App. 2005)). "[C]ause in fact means that the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred." *Davis v. Christian Bd. Homes of Jackson, Miss. Inc.*, 957 So. 2d 390, 406 (¶38) (Miss. Ct. App. 2007) (quoting *Johnson*, 929 So. 2d at 411 (¶48)). "Stated differently, cause in fact requires proof that, but for the alleged negligent act or omission, the injury would not have occurred." *Id*. "Foreseeability means that a person of ordinary intelligence should have anticipated the dangers that his negligent act created for others." *Id.* at 404 (¶32).

¶14.    Humphries's arguments are based upon his assertion that Officer Sanders conducted an illegal stop. But, we have found that Officer Sanders's decision to detain Humphries was objectively reasonable. As a result, Humphries has not produced any evidence to support a claim that Officer Sanders's decision to detain him was the proximate cause of his injuries. In fact it was not Officer Sanders's decision to arrest Humphries; rather, Officer Sanders called Agent Walters, who searched the truck and arrested all three men. This issue is without merit.

### III.    Malicious Prosecution

¶15.    In this issue, Humphries claims summary judgment was premature in regard to his malicious-prosecution claim. Humphries states that Agent Walters issued him a ticket for

6

hunting off the road but the charge was later remanded to the file.

¶16. The elements of malicious criminal prosecution are:

> (1) the institution or continuation of original judicial proceedings, either criminal or civil;
> (2) by, or at the insistence of the defendants;
> (3) the termination of such proceeding in plaintiff's favor;
> (4) malice in instituting the proceeding;
> (5) want of probable cause for the proceedings; and
> (6) the suffering of injury or damages as a result of the action or prosecution.

*Richard*, 974 So. 2d at 948-49 (¶14). But, like Humphries's false-imprisonment claim, "[a] claim of malicious prosecution will not lie if there was probable cause to make the arrest." *Id.* at 949 (¶15). This issue is without merit.

## IV. Defamation

¶17. Humphries argues that his character was defamed by the unlawful arrest. A defamation claim consists of four elements: "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability irrespective of special harm or existence of special harm caused by the publication." *Id.* at (¶20).

¶18. Humphries states that Officer Sanders falsely told Agent Walters that the men were hunting off the road, which was a chargeable offense. Even if this statement satisfied the first element, Humphries has failed to produce any evidence to meet the other three elements. This issue is without merit.

## V. Intentional Infliction of Emotional Distress

¶19. "[M]eeting the requisites of a claim for intentional infliction of emotional distress is

a tall order in Mississippi." *Speed v. Scott*, 787 So. 2d 626, 630 (¶19) (Miss. 2001). "To justify a finding of intentional infliction of emotional distress, a plaintiff must prove wanton and willful conduct that evokes outrage or revulsion." *Richard*, 974 So. 2d at 951 (¶28). As stated numerous times, we found that Officer Sanders's decision to detain Humphries was objectively reasonable. Nothing in the record indicates otherwise, nor were Officer Sanders's actions such that would evoke outrage or revulsion. This issue is without merit.

## VI. Negligent Infliction of Emotional Distress

¶20. Humphries again argues that the illegal stop resulted in his injuries. "In order to recover emotional distress damages resulting from ordinary negligence, [a plaintiff] must prove 'some sort of physical manifestation of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably [foreseeable] to the defendant.'" *Randolph v. Lambert*, 926 So. 2d 941, 946 (¶17) (Miss. Ct. App. 2006) (quoting *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208 (¶40) (Miss. 2001)). As previously stated, Humphries failed to produce any evidence to support his negligence claim. He also did so here. This issue is without merit.

## VII. Failure to Train

¶21. Humphries claims that Officer Sanders was not adequately trained; thus, VRC is responsible for Officer Sanders's decision to unlawfully stop the truck. Humphries, however, acknowledges that VRC would not have been responsible for training Officer Sanders. This issue is without merit.

## VIII. Abuse of Process

¶22. Lastly, Humphries argues that Officer Sanders abused his police power by conducting an illegal traffic stop. "An abuse of process occurs when a party misuses a legal process with an ulterior motive for doing so, and damage results from the misuse of the process." *Blake v. Wilson*, 962 So. 2d 705, 714 (¶31) (Miss. Ct. App. 2007). Here, Humphries has produced no evidence that Officer Sanders misused a legal process, or that he had an ulterior motive. This issue is without merit.

¶23. **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**