# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-IA-00860-SCT

*CITY OF VICKSBURG, MISSISSIPPI*

*v.*

*HERBERT A. WILLIAMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/2015 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| TRIAL COURT ATTORNEYS: | JOHN MICHAEL COLEMAN |
| | MARSHALL E. SANDERS |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN MICHAEL COLEMAN |
| ATTORNEY FOR APPELLEE: | MARSHALL E. SANDERS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 05/26/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.

### RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:

¶1.     Herbert Williams sued the City of Vicksburg after he had been arrested upon informing police officers that he had discharged a firearm to prevent an attack by a neighbor's dog. The city moved for dismissal, which the Circuit Court of Warren County denied. The city was granted permission to file this interlocutory appeal.

### FACTS AND PROCEDURAL HISTORY

¶2.     Williams claims he discharged his firearm to prevent an attack by a neighbor's dog. He then called 911 to report the incident. When officers arrived, Williams informed them that

he had reported the incident and told them what had happened. The officers arrested him for discharging a firearm in the city limits.[1]

¶3. Williams's complaint alleged that the officers "grossly and negligently arrested [him] for no good cause, causing [him] damages[,] physically and psychologically." He further alleged that the officers acted "grossly and negligent[ly] . . . with complete disregard to [Williams's] rights." He pled that the officers were acting within the scope of their employment with the city. Finally, he pled that he had given notice to the city as required by the Mississippi Tort Claims Act, that the time for suspending the action under the MTCA had lapsed, and that he was entitled to maintain the suit.

¶4. The city moved for dismissal pursuant to Mississippi Rule of Civil Procedure 12(b)(6) and also pled immunity pursuant to the MTCA. The city argued (1) assuming the facts in the complaint were true, no reasonable fact finder could have found the officers acted in reckless disregard of Williams's safety and well-being and (2) it was immune because Williams was engaged in criminal activity at the time of the arrest.

¶5. In his order, the trial judge noted he was ruling on a Rule 12(b)(6) motion to dismiss and stated that "for a Rule 12(b)(6) motion to be sustained the complaint on its face must fail to state an actionable claim." He noted that, at this early stage, questions of fact existed regarding immunity. Notably, when Williams attempted to introduce evidence that the charges against him had been dismissed, the trial court refused to consider such evidence. He reminded counsel that the motion being heard was not a motion for summary judgment. The

---

[1]At the hearing on the city's motion to dismiss, Williams represented that the charges against him had been dismissed, a fact the city conceded in its brief.

Circuit Court of Warren County denied the motion, finding the complaint sufficiently stated a claim to withstand a Rule 12(b)(6) motion to dismiss. The city appealed.

## ISSUE

¶6.     The sole issue on appeal is whether the circuit court erred in refusing to dismiss the complaint.[2]

## ANALYSIS

¶7.     A motion to dismiss for failure to state a claim under Rule 12(b)(6) raises an issue of law which we review *de novo*. ***Poindexter v. S. United Fire Ins. Co.***, 838 So. 2d 964, 966 (Miss. 2003). The Court must accept the allegations in the complaint as true and consider only whether *any* set of facts could support Williams's action. *See* ***Children's Med. Grp., P.A. v. Phillips***, 940 So. 2d 931, 934 (Miss. 2006). "[A] Rule 12(b)(6) motion tests legal sufficiency, and in applying this rule a motion to dismiss should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim." ***Id.***

¶8.     Williams alleged in his complaint that the officers—acting within the scope of their employment and in complete disregard for his rights—grossly and negligent arrested him, causing physical and psychological damages. He also notified the city that his claim was brought pursuant to the MTCA. In addition to filing a Rule 12(b)(6) motion to dismiss, the

---

[2]In its brief, the city frames the issue as "Whether the Circuit Court erred in finding that Vicksburg is not entitled to immunity under the [MTCA] based on the facts pled in the Complaint." However, the court found only that the complaint was sufficient to defeat a 12(b)(6) motion to dismiss for failure to state a claim. The court separately found the question of immunity was premature, rather than finding the city was not immune.

city pled immunity.[3] On appeal, the parties argue the application of immunity, rather than focusing on the trial court's denial of the Rule 12(b)(6) motion that is the subject of this appeal.

¶9.     This case is factually similar to the Court of Appeals case of *Scott v. City of Goodman*, 997 So. 2d 270 (Miss. Ct. App. 2008). Scott sued the City of Goodman when he was shot following a tussle with a police officer. *Id.* at 273. In his complaint, Scott alleged that the officer was "grossly negligent and acted with complete disregard" for Scott. *Id.* at 276. The city argued Scott had failed to allege reckless disregard. *Id.* The Court of Appeals held his pleading sufficient. *Id.*

¶10.    To satisfy the liberal pleading requirements of Rule 8 of the Mississippi Rules of Civil Procedure, "the pleadings need only 'provide sufficient notice to the defendant of the claims and grounds'" upon which relief is sought, based on direct or inferential fact allegations. *Id.* (quoting *Estate of Stevens v. Wetzel*, 762 So. 2d 293, 295 (Miss. 2000)). Rather than a "magic words requirement," Rule 8's objective is "to avoid civil cases turning on technicalities" while "giving the opposing party fair notice of the nature and basis or grounds

_____

[3]Pursuant to the MTCA,

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> . . . Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]

Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2012). "This Court considers MTCA immunity as an affirmative defense." *Estate of Grimes v. Warrington*, 982 So. 2d 365, 370 (Miss. 2008).

of the pleader's claim." *Id.* (citations omitted). The Court of Appeals found Scott's pleading of "complete disregard" sufficient to place the city on notice of the statute and legal standard at issue. *Id.*

¶11. Williams similarly alleged the officers acted with complete disregard for his rights, thereby injuring him. Consistent with the *Scott* holding, we find that Williams's pleading was sufficient under Rule 8's liberal pleading standard. Accepting the allegations in the complaint as true, the trial court did not err in finding Williams sufficiently stated a claim against the city.

## CONCLUSION

¶12. Because it cannot be said beyond doubt that Williams will be unable to prove any set of facts in support of his claim, we affirm the Warren County Circuit Court's denial of the city's Rule 12(b)(6) motion to dismiss and remand the case to the trial court for further proceedings.

¶13. **AFFIRMED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR**