# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CA-00209-SCT

*CITY OF VICKSBURG, MISSISSIPPI*

*v.*

*HERBERT A. WILLIAMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/28/2018 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| TRIAL COURT ATTORNEYS: | MARSHALL E. SANDERS |
| | JOHN MICHAEL COLEMAN |
| | CLAIRE K. ROBINETT |
| | KATELYN ADELE RILEY |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN MICHAEL COLEMAN |
| | CLAIRE K. ROBINETT |
| ATTORNEY FOR APPELLEE: | MARSHALL E. SANDERS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 04/09/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     Herbert A. Williams sued the City of Vicksburg (City) for injuries he allegedly sustained after his arrest.  The Warren County Circuit Court, sitting without a jury under the Mississippi Tort Claims Act (MTCA), Mississippi Code Section 11-46-13(1) (Rev. 2019), entered a judgment in favor of Williams.  Because the City is entitled to immunity, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

¶2.     In the early morning hours of February 7, 2013, Vicksburg Police Officers Russell

Dorsey and Diawardrick Grover were dispatched to Williams's residence as a result of a 911 call made by Williams. Williams called 911 because he discharged his firearm at his neighbor's dog. After Officer Dorsey arrived at Williams's house, Williams explained his reasons for discharging his firearm. Williams stated that he shot at the ground near the dog in an attempt to prevent an attack by the dog.

¶3. Officer Grover arrived a few minutes after Officer Dorsey, and he interviewed Jacqueline Knight Holt, the owner of the dog. Officer Grover observed the dog, and he described the dog as small and scared.

¶4. After Officers Dorsey and Grover conducted an investigation, Officer Dorsey arrested Williams for unnecessarily discharging a firearm in the city in violation of Vicksburg's city ordinance.[1] Officer Dorsey placed Williams in handcuffs and transported him to the police station. Williams made bail approximately two hours after his arrest.

¶5. In July 2014, Williams filed a complaint against the City under the MTCA in the Circuit Court of Warren County. Williams alleged that "said Police Officers grossly and negligently arrested Plaintiff for no good cause, causing Plaintiff damages physically and psychologically."

¶6. In response to Williams's complaint, the City filed its answers and defenses and raised sovereign immunity under the MTCA as a defense. The City then filed a motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. The circuit court denied the City's motion to dismiss.

---

[1] Section 17-160 of the City's ordinance states as follows: "It shall be unlawful for any person to unnecessarily discharge any firearm in the city."

2

¶7.     After the circuit court denied the City's motion to dismiss, the City petitioned this Court for an interlocutory appeal, which we granted. In May 2016, this Court affirmed the circuit court's denial of the City's motion to dismiss. *City of Vicksburg v. Williams*, 191 So. 3d 1242 (Miss. 2016).

¶8.     A bench trial was scheduled for December 3, 2018. Several weeks before trial, the City filed a Motion for Recusal and Continuance of Trial Date. The circuit judge denied the motion and proceeded to trial.

¶9.     After the bench trial, the circuit judge issued a judgment in favor of Williams and awarded Williams $150,000 in damages. The City timely appealed.

¶10.    On appeal, the City asserts two arguments. First, the City contends that the circuit judge abused his discretion by failing to recuse in order to avoid the appearance of impropriety. Second, the City asserts that the circuit judge erred by failing to find that the City was entitled to immunity or, alternatively, that the amount awarded was against the overwhelming weight of the evidence or was the result of bias, prejudice, or passion.

## STANDARD OF REVIEW

¶11.    "A circuit court judge sitting as the trier of fact is given the same deference with regard to his fact finding as a chancellor, and his findings are safe on appeal when they are supported by substantial, credible, and reliable evidence." *Miss. Dep't of Pub. Safety v. Durn*, 861 So. 2d 990, 994 (Miss. 2003) (citing *Maldonado v. Kelly*, 768 So. 2d 906, 908 (Miss. 2000)). "Although reasonable minds might differ on the conclusion of whether or not the officer in question acted in reckless disregard, it is beyond this Court's power to

3

disturb the findings of the [circuit] judge if supported by substantial evidence." ***Miss. Dep't of Wildlife, Fisheries, and Parks v. Webb***, 248 So. 3d 772, 777 (Miss. 2018) (internal quotation marks omitted) (quoting ***City of Jackson v. Lewis***, 153 So. 3d 689, 694 (Miss. 2014)).

¶12.    "Questions concerning the application of the MTCA are reviewed de novo." ***Durn***, 861 So. 2d at 994 (citing ***Donaldson v. Covington Cty.***, 846 So. 2d 219, 222 (Miss. 2003)). "[I]mmunity is a question of law. . . ." ***Mitchell v. City of Greenville***, 846 So. 2d 1028, 1029 (Miss. 2003).

## DISCUSSION

> I.      *Whether the circuit court erred by failing to find that the City of Vicksburg was immune under the MTCA.*

¶13.    The City argues that the evidence was insufficient to establish that its officers acted with reckless disregard within the meaning of the MTCA and, therefore, that the City is entitled to immunity.  We agree.

¶14.    Mississippi Code Section 11-46-9(1)(c) of the MTCA states that

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> > (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in *reckless disregard of the safety and well-being of any person* not engaged in criminal activity at the time of the injury[.]

Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2019) (emphasis added).

¶15.    "[W]e find reckless disregard when the 'conduct involved evinced not only some

4

appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved.'" *Durn*, 861 So. 2d at 995 (quoting *Maldonado*, 768 So. 2d at 910-11)). "[R]eckless disregard is a higher standard than gross negligence and 'embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.'" *Collins v. Tallahatchie Cty.*, 876 So. 2d 284, 287 (Miss. 2004) (quoting *Turner v. City of Ruleville*, 735 So. 2d 226, 230 (Miss. 1999)). It is appropriate to look at the totality of the circumstances when analyzing whether someone acted in reckless disregard. *City of Ellisville v. Richardson*, 913 So. 2d 973, 978 (Miss. 2005).

¶16.    Williams contends that the officers acted with reckless disregard when Officer Dorsey disregarded Williams's account of events and, as a result, "wrongfully" arrested Williams.

¶17.    After Officer Dorsey arrested Williams, he transported Williams to the police station in shackles and handcuffs. Williams testified that the officers were cordial toward him. Furthermore, Officer Dorsey did not curse, strike, or shove Williams. The testimony of the officers reflected neither dislike nor animosity toward Williams.

¶18.    When asked about police procedure, Officer Dorsey testified that "we transport them to the [p]olice [d]epartment, take[] the handcuffs off, and then we put the shackles on them . . . [w]ell, wrap them around their waist and put their hands by their side and place the cuffs on them." Police procedure required Officer Dorsey to place handcuffs and shackles on every individual that he arrested. Williams remained in the custody of the Vicksburg Police Department for approximately two hours before his release. Neither different nor special treatment was provided to Williams on his arrest.

¶19. The circuit court found that the officers acted with reckless disregard of Williams when his arrest occurred. Specifically, the circuit judge stated that "[g]iven the only eyewitness account of a dog attacking [], [Williams] and [his] firing a weapon into the ground to scare the dog off, the officers['] reckless disregard of said account without probable caus[e], the officer arrested [him], without regard to his well being." The circuit court expressed concern with the fact that Williams was not physically injured but that he suffered mental anguish as a result of his arrest. In particular, the circuit judge found that

> the officers cannot allow themselves to become desensitized to [the] action of placing someone under arrest with handcuffs, placing them in the backseat of a patrol car with handcuffs, driving through the public streets of the city for all to see, placing them in shackles waist to ankles, fingerprinted and placed in a holding cell, could only cause "physical harm."

While the circuit court described the officers' actions as a reckless disregard, the record does not support such a finding.

¶20. No substantial and credible evidence supports a finding of reckless disregard. Therefore, the City is not liable for Williams's claim under Section 11-46-9(1)(c) of the MTCA.[2]

## CONCLUSION

¶21. This Court reverses and renders the circuit court's judgment and finds that the City is immune from liability.

¶22. **REVERSED AND RENDERED.**

---

[2] Because we find that the City is entitled to immunity, we decline to address the remaining issues of whether the circuit judge abused his discretion by failing to recuse and whether the amount awarded by the circuit court was against the overwhelming weight of the evidence or was the result of bias, prejudice, or passion.

**RANDOLPH, C.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J.**

**KITCHENS, PRESIDING JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶23. I would fully concur with the majority opinion but for the existence of Mississippi Code Section 99-3-7, which provides, in pertinent part, that

> (1) An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit.
>
> (2) Any law enforcement officer may arrest any person on a misdemeanor charge without having a warrant in his possession when a warrant is in fact outstanding for that person's arrest and the officer has knowledge through official channels that the warrant is outstanding for that person's arrest. In all such cases, the officer making the arrest must inform such person at the time of the arrest the object and cause therefor. If the person arrested so requests, the warrant shall be shown to him as soon as practicable.

Miss. Code. Ann. § 99-3-7 (Rev. 2015). Section 99-3-7 empowers a police officer to arrest someone for a misdemeanor offense in two circumstances: when an arrest warrant is outstanding or when the offense is committed in the officer's presence.

¶24. In this case, Vicksburg Police Officers Russell Dorsey and Diawardrick Grover arrived at the scene after Herbert Williams called and reported to the police dispatcher that he had fired a gunshot at a dog within the city limits. The dog's owner told the officers that

7

she had heard the gunshot. But neither Officer Dorsey nor Officer Grover was present when the shot was fired. Therefore, Section 99-3-7 mandated that the officers obtain an arrest warrant before arresting Williams for violating a city ordinance that banned the unnecessary discharge of a firearm within city limits. Only if their effort to get a warrant had been successful would the officers have been empowered to arrest Williams.[3] Applying Section 99-3-7, Williams's arrest was unlawful.

¶25. But although the officers made a mistake in arresting Williams without a warrant in violation of Section 99-3-7, the trial court clearly erred by finding that the officers acted "in reckless disregard of the safety and well-being of any person not engaged in criminal activity . . . ." Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2019). This Court has held that reckless disregard is not established by an officer's violation of a standard operating procedure, without more. ***City of Jackson v. Presley***, 40 So. 3d 520, 524 (Miss. 2010). Instead, the test evaluates the totality of the circumstances. ***Miss. Dep't of Wildlife, Fisheries, & Parks v. Webb***, 248 So. 3d 772, 779 (Miss. 2018). Although this case does involve an illegal arrest, arguably a weightier matter than violation of a standard operating procedure, considering the totality of the circumstances, all evidence points to a peaceful, uneventful arrest. The officers handcuffed and shackled Williams, but they were cordial to him and did not curse at him, strike him, shove him, or manhandle him.

¶26. In finding that the officers had acted in reckless disregard, the trial court relied on the inherent indignity of Williams's having been arrested, placed in a patrol car, and driven to

---

[3] I note that, instead of issuing a warrant for Williams's arrest, a judge could have issued a summons for Williams to appear. MRCrP 3.1(b).

the police station. But under the totality of the circumstances, nothing about the arrest, though technically unlawful, evinced reckless disregard for Williams's safety and well-being. Because the majority makes no mention of the illegality of Williams's arrest but nonetheless reaches the correct result, I concur in part and in result.

**KING, P.J., JOINS THIS OPINION.**