# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CC-01220-COA

JASON ALSTON                                                      APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                          APPELLEE
EMPLOYMENT SECURITY

| | |
|---|---|
| DATE OF JUDGMENT: | 07/17/2019 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JASON ALSTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | ROBERT E. SANDERS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 06/23/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

LAWRENCE, J., FOR THE COURT:

¶1.     On August 21, 2017, Jason Alston filed a pro se complaint against the Mississippi

Department of Employment Security (MDES) in the Hinds County Circuit Court pursuant

to Mississippi Code Annotated sections 11-46-1 to -23 (Rev. 2019) (the Mississippi Tort

Claims Act) alleging various tort theories stemming from his denial of unemployment

benefits.   At the time he filed the complaint, the issue of the actual denial of his

unemployment benefits was still pending on appeal with this Court in *Alston v. Mississippi*

*Department of Employment Security*, 247 So. 3d 303 (Miss. Ct. App. 2017) (*Alston I*).  This

Court affirmed the circuit court's denial of Alston's benefits in *Alston I* on November 28,

2017, prior to the circuit court's making of its ruling in the present case. On July 17, 2019, the circuit court granted MDES' motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6). Aggrieved by the circuit court's ruling, Alston appealed. Finding no error in the circuit court's ruling, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Alston was an employee with the Mississippi Department of Transportation (MDOT) from September 1, 2012, until October 26, 2015. As a result of his employment ending at MDOT, Alston filed for unemployment benefits with MDES on November 12, 2015. On March 22, 2016, an administrative law judge (ALJ) denied his request for unemployment benefits. Alston appealed that decision to the MDES Board of Review (Board). The Board affirmed the ALJ's decision denying benefits on May 23, 2016. Alston appealed that decision to the Attala County Circuit Court. The circuit court affirmed the denial of benefits by MDES' decision on August 26, 2016. Alston appealed the circuit court's decision, and this Court affirmed the denial of Alston's unemployment benefits on November 28, 2017. *Alston*, 247 So. 3d at 311 (¶31).

¶3. In *Alston I*, Alston alleged that there was a due process violation and misconduct by MDOT in presenting improper evidence at the ALJ hearing. He also claimed that his right to due process was violated when the ALJ hearing was postponed due to a scheduling conflict with the MDOT attorney. Further, he alleged misconduct by MDOT in that it presented evidence during the ALJ hearing that was not disclosed to him in a timely manner.

2

This Court found that Alston's arguments lacked merit, the ALJ hearing was fair and impartial, and this court ultimately affirmed the denial of unemployment benefits. *Id*. at (¶30).

¶4.     While *Alston I* was pending in this Court, Alston filed a new complaint on August 21, 2017, which is the subject of this appeal.[1]  Alston's complaint alleged civil conspiracy, intentional misrepresentation, breach of duty and loyalty, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress.  The allegations set forth in Alston's new complaint wholly arose out of the same factual circumstances and allegations of the denial of his unemployment benefits that he asserted in *Alston I*.  As such, on September 20, 2017, MDES filed a motion to dismiss pursuant to Mississippi Rule of Civil procedure 12(b)(1), (2) and (6).  Alston filed several motions throughout the circuit court proceeding, including two motions for sanctions, a motion for a directed verdict, two motions to take judicial notice of the proceedings in *Alston I*, a motion to recuse, and a petition for writ of mandamus.[2]  On July 17, 2019, the circuit court entered an order denying Alston's motion to recuse and an order granting MDES's motion to dismiss.[3]  By the date of the

---

[1] Alston filed a motion to amend his complaint on October 17, 2017; however, there was no order entered granting his motion.

[2] As a result of the circuit court's granting of MDES's motion to dismiss, there was no reason to address any of Alston's remaining pending motions other than his motion to recuse.

[3] Alston is not appealing from the circuit court's order denying the motion to recuse, and therefore it will not be addressed.

circuit court's ruling, *Alston 1* had concluded. In the order granting the motion to dismiss, the court stated in part:

> In granting the Motion to Dismiss, the Court finds that the plaintiff's claim for unemployment benefits was handled in the Circuit Court of Attala County and affirmed by the Mississippi Court of Appeals. Moreover, the claims herein relate to the claim for unemployment benefits and contain nothing other than conclusory allegations and unsupported legal theories.

## STANDARD OF REVIEW

¶5. Motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) raise an issue of law that we review de novo. *Wolfe v. Delta Discount Drugs,* 2019-CA-00160-SCT, 2020 WL 1060468, at *2 (¶10) (Miss. March 5, 2020) (citing *City of Vicksburg v. Williams*, 191 So. 3d 1242, 1244 (¶5) (Miss. 2016)).

## ANALYSIS

¶6. Within his complaint, Alston requested monetary damages resulting from injuries he claimed he suffered based on six tort theories. The facts outlined in his complaint are wholly related to the allegedly corrupt MDES process wherein his unemployment benefits were denied. His complaint was filed pursuant to the Mississippi Tort Claims Act and requested punitive damages in an amount up to $4,000,000 plus reasonable attorney's fees. MDES filed its motion to dismiss based on two arguments: (1) the claims were not ripe for consideration given the fact that *Alston I* was still pending, and (2) the complaint stated no claim upon which relief could be granted.

### A. Civil Conspiracy

¶7.     Alston alleged in his complaint that MDES and the attorney for MDOT conspired with one another and agreed to sabotage his claim for unemployment by prolonging the process and concealing information.  Further, Alston alleged that as a result of the conspiracy, he has suffered substantial damages, including stress and mental anguish.  Alston's claim was based upon three facts: (1) the initial ALJ telephonic hearing was continued per the request of MDOT's attorney, (2) the allegation that MDOT's attorney untimely submitted evidence to be used at the hearing, and (3) MDOT's attorney used a blank exit-interview form to be admitted into evidence at the hearing.  All three of these allegations were considered and resolved in *Alston I*, wherein this Court held that there was no due process violation and that, furthermore, the hearing was fair and impartial.

¶8.     "In Mississippi law, the elements of a civil conspiracy are: '(1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result.'" *Rex Distributing Co. v. Anheuser-Busch LLC*, 271 So. 3d 445, 455 (¶34) (Miss. 2019) (quoting *Bradley v. Kelley Bros. Contractors*, 117 So. 3d 331, 339 (¶32) (Miss Ct. App. 2013)).  This Court ruled on this issue in *Alston I* and held that the ALJ was fair and impartial.  Further, Alston does not set forth any specific facts that would substantiate an agreement between MDES and MDOT to get past the first element of civil conspiracy. Finding no error, we affirm the ruling of the circuit court as to civil conspiracy.

       **B.     Intentional Misrepresentation**

5

¶9.     In his complaint, Alston alleged that the Board made false representations intending to induce him to act or refrain from acting based on those representations. He further alleged that based on his reliance on those false representations, he was damaged. In the facts of his complaint, Alston alleged that he was denied information regarding his unemployment claim and more specifically regarding the Board's decision. However, the record reflects that a letter was sent to Alston on June 7, 2016, which included a compact disc of the ALJ telephonic hearing. Further, the record reflects that an additional letter was mailed to Alston on October 26, 2016, which explained that there were no transcripts associated with the Board's decision. That decision was made based on the ALJ hearing transcripts and other records that were previously provided to Alston in connection with his appeal to the Circuit Court of Attala County.

¶10.    To prove a prima facie case of intentional misrepresentation, the plaintiff must show the following by clear and convincing evidence:

> (1) a representation, (2) that is false (3) and material (4) that the speaker knew was false or was ignorant of the truth (5) combined with the speaker's intent that the listener act on the representation in a manner reasonably contemplated (6) combined with the listener's ignorance of the statement's falsity (7) and the listener's reliance on the statement as true (8) with a right to rely on the statement, and (9) the listener's proximate injury as a consequence.

*Moran v. Fairly*, 919 So. 2d 969, 975 (¶23) (Miss. Ct. App. 2005) (citing *Se. Med. Supply Inc. v. Boyles, Moak & Brickell Ins. Inc.*, 822 So. 2d 323 (¶39) (Miss. Ct. App. 2002)). There was no evidence presented that MDES made any representations to Alston that were false. In fact, MDES sent Alston multiple letters regarding his case and explained in detail why

6

certain information was not available. There were not sufficient facts set forth in Alston's complaint upon which relief could have been granted, and therefore we affirm the circuit court's ruling as to intentional misrepresentation.

### C. Breach of Duty of Loyalty

¶11. In his complaint, Alston also alleged that MDES and its employees owed him a duty of loyalty and that they breached that duty by interfering with his claim for unemployment. He claimed it was wilful and intentional and as a proximate result of the alleged breach, he suffered damages in an amount up to $4,000,000. Alston did not present any specific instances wherein a duty was owed or breached but merely cited by reference the entirety of "the Mississippi Department of Employment Security Title 20, Part 101 of the Mississippi Administrative Code and Mississippi Employment Security Law as set forth in Sections 71-5-1 to 71-5-541."

¶12. "The duty of loyalty is fiduciary in nature." *Baker Donelson Bearman Caldwell & Berkowitz P.C. v. Seay*, 42 So. 3d 474, 486 (¶34) (Miss. 2010) (citing *Tyson v. Moore*, 613 So. 2d 817, 823 (Miss. 1992)). There are simply no facts presented that would indicate that MDES had any actionable fiduciary duty to Alston. Further, Alston did not plead with any particularity what regulation or statute that MDES failed to comply with. There were not sufficient facts set forth in Alston's complaint upon which relief could have been granted, and therefore we affirm the ruling of the circuit court's ruling as to breach of a duty of loyalty.

7

### D. Fraud

¶13. In his complaint, Alston alleged that MDES and its employees made false representations to him, knowing that the allegations were false for the purpose of sabotaging his claim for unemployment benefits and constituting fraud. Alston claimed that as a result of those actions, he incurred damages. Alston did not state with any particularity what he believed to be false representations by MDES other than those allegations previously addressed under the claim of intentional misrepresentation.

¶14. The elements of fraud are identical to the elements of intentional misrepresentation as previously discussed. *Se. Med. Supply*, 822 So. 2d at 330 (¶29). There was no evidence presented that MDES made any representations to Alston that were false. As previously stated, it sent Alston multiple letters containing information regarding his case and explained in detail why certain information was not available. There were not sufficient facts set forth in Alston's complaint upon which relief could have been granted, and therefore we affirm the circuit court's ruling as to fraud.

### E. Intentional Infliction of Emotional Distress

¶15. In his complaint, Alston alleged that MDES intended to cause him to suffer emotional distress or in the alternative engaged in conduct with reckless disregard causing him to suffer emotional distress. Further, Alston claimed that as a result of MDES' actions he is entitled to damages in an amount up to $4,000,000. However, he offered no facts to support his conclusory statements, nor any specific damages that he incurred.

8

> A claim for intentional infliction of emotional distress requires: (1) The defendant acted willfully or wantonly toward the plaintiff by committing certain described actions; (2) [t]he defendant's acts are ones 'which evoke outrage or revulsion in civilized society'; (3)[t]he acts were directed at, or intended to cause harm to, the plaintiff; (4) [t]he plaintiff 'suffered severe emotional distress as a direct result of the acts of the defendant'; and (5) '[s]uch resulting emotional distress was foreseeable from the intentional acts of the defendant.'

*Orr v. Morgan*, 230 So. 3d 368, 375-76 (¶18) (Miss. Ct. App. 2017) (quoting *Rainer v. Wal-Mart Assocs. Inc.*, 119 So. 3d 398, 403-04 (¶19) (Miss. Ct. App. 2013)). There were not sufficient facts set forth in Alston's complaint upon which relief could have been granted, and therefore we find no error in the circuit's court ruling as to intentional infliction of emotional distress.

### F.      Negligent Infliction of Emotional Distress

¶16.     In addition to alleging intentional infliction of emotional distress, Alston alleged negligent infliction of emotional distress in his complaint. Alston claimed that MDES had a duty to act with reasonable care and should have known that their conduct would result in his physical and emotional distress. He claimed that as a result of their alleged negligent conduct and wrongful acts, he has suffered and will continue to suffer significant physical, mental and emotional distress. Because of MDES' alleged conduct, Alston requested damages of at least $4,000,000. Alston provided no specific facts to substantiate the claim for negligent infliction of emotional distress.

¶17.     "In order to recover emotional distress damages resulting from ordinary negligence, [a plaintiff] must prove 'some sort of physical injury or demonstrable harm, whether it be

9

physical or mental, and that the harm must have been reasonably [foreseeable] to the defendant.'" *Humphries v. Virlilia Road Conservation Grp. LLC*, 276 So. 3d 1272, 1278 (¶20) (Miss. Ct. App. 2018) (quoting *Randolph v. Lambert*, 926 So. 2d 941, 946 (¶17) (Miss. Ct. App. 2006)), *cert denied*, 276 So. 3d 661 (Miss. 2019). While Alston claimed that he received treatment at Life Help Mental Health Center and St. Dominic Behavioral Health as a result of MDES' conduct, there were no facts or evidence presented that link Alston's treatment to any wrongdoings of MDES. There were not sufficient facts set forth in Alston's complaint upon which relief could have been granted, and therefore we find no error in the circuit's court ruling as to negligent infliction of emotional distress.

## CONCLUSION

¶18. Simply stated, Alston's complaint in this case consisted of the same facts and allegations identical to those pled in *Alston I* surrounding the denial of his unemployment benefits. However, this case alleged torts as a result of those same facts. Those facts as stated were insufficient or lacked particularity to state a claim upon which relief could be granted. Accordingly, we affirm the circuit court's dismissal of Alston's complaint.

¶19. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ. GREENLEE, WESTBROOKS, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**